IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Marcia S. Krieger

Criminal Action No. 03-CR-00382-MSK
(Civil Action No. 05-cv-02451-MSK)

UNITED STATES OF AMERICA,

    Plaintiff - Respondent,

v.

RUMUALDO FELIX-HERAS,

    Defendant - Movant.

## ORDER DENYING MOTION TO CORRECT SENTENCE

**THIS MATTER** comes before the Court pursuant to the Defendant-Movant's *pro se* Motion to Modify and Correct Sentence **(# 52)**.

The Defendant pleaded guilty **(# 33)** to one count of unlawful re-entry of a deported in violation of 8 U.S.C. § 1326(a) and (b)(2), and was sentenced **(# 43)** to 70 months imprisonment, among other conditions. A Judgment and Commitment **(# 45)** was executed on March 16, 2004. The Defendant did not appeal his conviction or sentence, and thus, his conviction became final on March 26, 2004, 10 days after entry of Judgment. *United States v. Burch*, 202 F.3d 1274 (10th Cir. 2000); Fed. R. App. P. 4(b)(1) and 26(a).

In the instant Motion, the Defendant raises three grounds for relief: (i) that his counsel was ineffective in failing to accurately compute the Defendant's guideline range; (ii) that his counsel was ineffective in failing to seek a downward departure; and (iii) that his counsel was

1

ineffective in failing to contest his deportability.

Because the Defendant proceeds *pro se*, the Court must construe the Motion liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, *pro se* status does not relieve the Defendant from the obligation of complying with all necessary substantive and procedural rules governing his claims. *Hall, supra.*.

Pursuant to 28 U.S.C. § 2255, a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence. That period begins running from the date the conviction became final– here, March 26, 2004. 28 U.S.C. § 2255(1). The instant Motion was filed on December 6, 2005, well more than one year after the Defendant's conviction became final. Accordingly, the Defendant's motion is time-barred.

The one-year limitation period in § 2255, however, is not jurisdictional and is subject to equitable tolling in appropriate extraordinary circumstances. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, nothing in the Defendant's Motion presents facts warranting the application of the equitable tolling doctrine.

Accordingly, the Defendant's Motion to Modify or Correct Sentence **(# 52)** is **DENIED**. The Clerk of the Court is directed to close civil action 05-cv-02541-MSK.

Dated this 21st day of December, 2005

                                            **BY THE COURT:**

                                            Marcia S. Krieger
                                            United States District Judge